IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAM YODER, | ) | CASE NO. 5:13 CV 118 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TERRY A. TIBBALS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Sam Yoder for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Yoder is currently incarcerated by the State of Ohio at the North Central Correctional Institution in Marion, Ohio.[3] Yoder is serving a term of 20 years to life imposed by the Stark County Court of Common Pleas on November 2, 2011,[4] in a re-sentencing ordered by the Ohio court of appeals on September 26, 2011,[5] which decision

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Sara Lioi in a non-document entry dated January 30, 2013. Subsequent to the referral, the case was reassigned to United States District Judge Jack Zouhary. ECF # 7; non-document entry dated February 7, 2013.

[2] ECF # 1.

[3] Yoder's current place of incarceration was determined from the website of the Ohio Department of Rehabilitation and Correction. http://www.drc.ohio.gov. Yoder was incarcerated at the Mansfield Correctional Institution at the time the present petition was filed. ECF # 1 at 1.

[4] ECF # 11-1 (state court record), at 251-55.

[5] *Id.*, at 140-69.

also affirmed Yoder's December, 2010, conviction at a jury trial on charges of rape, kidnapping, and assault.

Yoder asserts four grounds for habeas relief,[6] which the State maintains are all procedurally defaulted.[7] Yoder has not filed a traverse.

For the reasons that follow, I will recommend that Yoder's petition be dismissed as procedurally defaulted.

## Facts

### A.    Background facts, trial, and sentence

The underlying facts were found by the Ohio appeals court[8] in its review of the trial proceedings.

Essentially, the victim here was engaged in prostitution as she walked on a Canton street and then got into Yoder's truck.[9] Yoder and the victim agreed to have sex for $30 provided Yoder used a condom.[10] Yoder then drove the victim to an area behind a Canton

---

[6] ECF # 1 at 5-9.

[7] ECF # 10 at 13-15.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF # 11-1, at 140.

[10] *Id.*

warehouse so they could have sex in his truck.[11] But when Yoder attempted to do as they had agreed, he was physically unable to complete the act.[12] Yoder then grabbed the victim by the throat and told her that if she didn't want to get hurt, she would do exactly as he demanded.[13] He then proceeded to sexually enter the victim while not wearing a condom.[14]

When he then demanded additional sexual services, the victim tried to escape, only to have Yoder grab her by her hair and drag her back into the truck.[15] After a brief struggle during which one of Yoder's fingers went into the victim's eye, the victim succeeded in bolting from the truck "half-dressed, barefoot and with her skirt still hiked up around her waist."[16]

In that condition, she came upon a local business owner who had seen Yoder's truck behind the warehouse and had come over to investigate.[17] The business owner, upon hearing the victim state that she had been raped, wrote down the license plate number of Yoder's truck, and then set off to take the victim to a hospital.[18] On the way, they spotted a Canton

---

[11] *Id.*

[12] *Id.*, at 141.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*, at 141-42.

police officer and reported the matter to him, providing him with a description of Yoder and the license number of his truck.[19]

Yoder was subsequently found a few days later in Canton municipal jail on another matter. He admitted to paying the victim for sex and that there had been an altercation but claimed that the eye injury to the victim was accidental.[20]

DNA and other lab tests showed blood and hair on the seat of Yoder's truck, although there was none of Yoder's DNA on the vaginal swab of the victim's rape kit.[21] The victim sustained injuries to her eye that required the attention of a specialist, and her nose was also fractured.[22]

Yoder was indicted on charges of rape, kidnapping, and felonious assault, all with sexually violent offender specifications.[23] After the trial court denied a motion to suppress statements Yoder made to a Canton detective, the matter proceeded to a jury trial.[24] The State presented testimony from the victim, the business owner who had come upon the victim immediately after her escape from Yoder's truck, and investigating police officers.[25] The

---

[19] *Id.*, at 142.

[20] *Id.*

[21] *Id.*, at 143. DNA from another man was found on the swab, however.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

defense presented no witnesses.[26] As noted above, on  Yoder was then found guilty.[27] After hearing evidence that Yoder had previously been convicted of attempted rape and felonious assault, he was found to be a sexually violent predator.[28] On January 14, 2011, Yoder was sentenced to a total term of 40 years to life in prison.[29]

**B.     Direct appeal**

*1.     Court of appeals*

Yoder, through the same counsel as had represented him at trial,[30] then timely[31] appealed his conviction and sentence to the Ohio appeals court. In his brief,[32] he asserted the following five assignments of error:

> ASSIGNMENT OF ERROR I: THE TRIAL COURT ERRED BY IMPROPERLY ADMITTING HEARSAY TESTIMONY.
>
> ASSIGNMENT OF ERROR II: THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

---

[26] *Id*.

[27] The jury found Yoder guilty of rape and kidnapping, but it reduced the charge of felonious assault to the lesser included charge of assault. *Id*. at 144.

[28] *Id*. at 144.

[29] *Id*. at 36. To correct a matter in the original sentencing order, the court entered a nunc pro tunc order on February 22, 2011. The page citation here is to the later order.

[30] ECF # 1 at 12.

[31] *See*, ECF # 10 at 3.

[32] ECF # 11-1, at 40-104.

ASSIGNMENT OF ERROR III: THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO SUPPRESS.

ASSIGNMENT OF ERROR IV: THE TRIAL COURT ERRED IN NOT FINDING THE CHARGES OF RAPE AND KIDNAPPING TO BE ALLIED OFFENSES AND MERGING THESE COUNTS FOR SENTENCING.

ASSIGNMENT OF ERROR V: THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.[33]

The State filed a brief in response.[34] On September 26, 2011, the Ohio court of appeals issued an opinion sustaining Yoder's fourth assignment of error concerning a merger of the rape and kidnapping counts for the purpose of sentencing only but overruled all other assignments of error.[35] Pursuant to this decision, on November 2, 2012, Yoder was re-sentenced to a term of 20 years to life in prison.[36] He did not appeal from the re-sentencing.[37]

## 2.    *Supreme Court of Ohio*

Yoder did not then file a timely appeal from the appellate court decision with the Supreme Court of Ohio. Instead, on December 1, 2011 Yoder, *pro se*, filed a notice of

---

[33] *Id.*, at 45.

[34] *Id.*, at 105-38.

[35] *Id.*, at 139-69.

[36] *Id.*, at 251-55.

[37] *See*, ECF # 10 at 4.

appeal[38] and a motion for leave to file a delayed appeal.[39] The Ohio Supreme Court granted the motion for leave to file a delayed appeal.[40] Yoder, *pro se*, then filed a memorandum in support of jurisdiction that set forth the factual background and procedural history of the matter but did not present any propositions of law.[41]

The State then waived filing a responsive brief,[42] and on April 18, 2012, the Supreme Court of Ohio denied leave to appeal, dismissing Yoder's appeal as not involving any substantial constitutional question.[43] Yoder did not file a petition for a writ of certiorari with the Supreme Court of the United States.[44]

## C.    Postconviction motion

More than five months after the decision of the Ohio Supreme Court, Yoder, *pro se*, filed a motion in the trial court to alter, amend, or vacate his sentence.[45] The State opposed

---

[38] ECF # 11-1, at 170-72.

[39] *Id.*, at 173-209.

[40] *Id.*, at 210.

[41] *Id.*, at 211-48. Yoder's memorandum in support of jurisdiction actually leaves blank the section for propositions of law. *Id.*, at 212.

[42] *Id.*, at 249.

[43] *Id.*, at 250.

[44] ECF # 1 at 2.

[45] ECF # 11-1, at 256-62.

the motion as untimely and as barred by *res judicata*,[46] to which Yoder filed a reply.[47] On

December 12, 2012, the trial court thereupon denied the motion as untimely, or, alternatively,

as barred by *res judicata*.[48] The record does not show that Yoder appealed from that denial.

**D.  Federal habeas petition**

On January 11, 2013,[49] Yoder timely filed[50] the present petition for federal habeas

relief, raising the following four grounds for relief:

> GROUND ONE: TRIAL COURTS FINDING OF GUILTY WAS AGAGINST THE MANIFEST WEIGHT OF THE EVIDENCE
>
> Supporting facts: Petitioner never had sex with the accuser ,who falsely alleged he raped her the alleged victim admitted petitioner could not sustain an erection(at trial),she never admitted on in her statements petitioner entered her,only by prosecutors leading statement did she "admit" petitoner entered her. a rape kit performed,revealed semen from another person,thus there is no evidence of rape and kidnapping just assault that the petitioner admitted to doing,by choking the alleged victim.[51]
>
> GROUND TWO: TRIAL COURT ERRED BY ADMITTING HEARSAY TESTIMONY

---

[46] *Id.*, at 263-75.

[47] *Id.*, at 276-82.

[48] *Id.*, at 283-87.

[49] This is the date Yoder placed the petition into the prison mail system. ECF # 1 at 13. The petition was docketed at this Court on January 17, 2013.

[50] *See*, ECF # 10 at 11-12, noting that Yoder's conviction became final on July 17, 2012, or 90 days after the Ohio Supreme Court dismissed his direct appeal on April 18, 2012. Thus, Yoder had until July 17, 2013, to file for federal habeas relief. The present petition is, therefore, timely.

[51] ECF # 1 at 5.

-8-

Supporting facts: During the bifurcated trial on the Sexually Violent Predator Specification,the Respondant,presented only the testimony of Deputy Sheriff Stauffer,who repeated the statements of the alleged vitim from the defendant's prior conviction as the the statements of a witness in that case.These hearsay statements were the only evidence presented by the Respondant regarding the SVP Spec. Hearing[52]

GROUND THREE: APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

Supporting facts: Counsel for petitioner failed to object to the hearsay statements of the alleged victim and a witness.This was the only eveidence given by the Respondant,which prejudiced petitioner's rights this attorney should have immediately objected in a case involving a serious offense such as the instant case[53]

GROUND FOUR: TRIAL COURT ERRED BY DENYING THE PETITIONERS MOTION TO SUPRESS

Supporting facts: The police offeicer contacted the petitioner while he was detained in the Canton City Jail Petitioner had appeared in Court with counsel only minutes before interrogation by a veteran police officer.Counsel should have been with petitioner during this process. Interrogating officer was Detective Adams,Canton Police Department.[54]

As noted, the State filed a return of the writ arguing, among other things, that all four grounds asserted should be dismissed as procedurally defaulted because Yoder filed no propositions of law with the Ohio Supreme Court on direct appeal, thereby failing to fairly present any constitutional claim to that court.[55] Because Yoder failed to raise any legal issue

---

[52] *Id.* at 6.

[53] *Id.* at 8.

[54] *Id.* at 9.

[55] ECF # 10 at 13.

in the Ohio Supreme Court, the State argues, he failed to afford Ohio's established appellate review procedure one full round to consider the claims he makes here, thus procedurally defaulting those claims because he cannot now go back and raise issues he could have raised but did not in the Ohio Supreme Court.[56]

As noted, Yoder has not filed a traverse.

# Analysis

### A.  Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.   There is no dispute that Yoder is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Yoder meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[57]

2.   There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[58]

3.   In addition, Yoder states,[59] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[60]

_____

[56] *Id.* at 14 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).

[57] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[58] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[59] ECF # 1 at 11.

[60] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

-10-

4.      As noted, Yoder's claims have not been presented through one full round of Ohio's established appellate review procedure.[61]

5.      Finally, although Yoder requested the appointment of counsel,[62] his motion was denied.[63] Yoder has not requested an evidentiary hearing to develop the factual bases of his claims.[64]

## B.      Standard of review – procedural default

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[65]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)      Does a state procedural rule exist that applies to the petitioner's claim?

(2)      Did the petitioner fail to comply with that rule?

(3)      Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[61] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Boerckel*, 526 U.S. at 842.

[62] ECF # 18.

[63] ECF # 19.

[64] 28 U.S.C. § 2254(e)(2).

[65] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[66]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[67]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[68] In addition, a showing of actual innocence may also excuse a procedural default.[69]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[70] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[66] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[67] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[68] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[69] *Id.*

[70] *Id.* at 753.

-12-

proceeding with error of a constitutional dimension.[71] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[72]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[73] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[74]

## C.    Application of standard – the petition should be dismissed.

The claims Yoder presents in his petition were not presented, or fairly presented, to the Ohio Supreme Court, a necessary step in the exhaustion process; a failure to complete the process when an attempt is made, however, results in a procedural default of the claims. Yoder presented all four of his petition claims in his direct appeal to the Fifth District Court of Appeals for Stark County but he made no effort to explain to the Ohio Supreme Court his reasons for appealing the decision overruling his assigned errors. As noted above, in his *pro se* brief to the Ohio Supreme Court, Yoder reiterated some of the facts related to his case

---

[71] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[72] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[73] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[74] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

-13-

but failed to specifically raise any legal claim or ground for review that the Ohio court could respond to.

In Ohio, a petitioner is not entitled to raise claims in postconviction proceedings where those claims could have been raised on direct appeal.[75] Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.[76]

As such, Yoder did not adequately raise or fairly present his federal constitutional claims, whatever they may have been, to the Ohio Supreme Court. It is well-settled that a claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court, a petitioner must assert both the legal and factual basis for his or her claim.[77] Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law."[78] A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts

---

[75] *Engle*, 456 U.S. at 125 n.28.

[76] *Id.*

[77] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[78] *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

well within the mainstream of constitutional law."[79] Yoder's presentation in his brief to the Ohio Supreme Court failed to qualify as a fair presentation under any of these four actions.

Therefore, all four of Yoder's claims are procedurally defaulted and should be dismissed.

## Conclusion

Accordingly, for the reasons stated above, I recommend that the petition of Sam Yoder for a writ of habeas corpus be dismissed as procedurally defaulted.

Dated: July 15, 2014

s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[80]

---

[79] *McMeans*, 228 F.3d at 681.

[80] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).